**Greg S. HULSEY, Plaintiff–Appellant,**

v.

**Michael D. LINDEMAN, Defendant–Appellee.**

No. 01–36054.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2003.

Decided May 28, 2003.

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

---

Before: LAY,* WALLACE, and TALLMAN, Circuit Judges.

### MEMORANDUM **

This is a diversity action. During his employment with Yuba North, Inc., Greg S. Hulsey located a buyer for some real property known as the Venable property. The Venable property was part of a lease agreement between Venable and Yuba Trucking.[1] It is undisputed that Michael Lindeman, Yuba's CEO, made an oral offer to Yuba's Oregon employees that if any of them could locate a buyer who would pay above a specified amount for the Venable property, Lindeman would · pay the finder the difference as compensation.

Hulsey's buyer, Rock N Ready Mix, Inc., purchased the Venable property from Lindeman for just under $1,800,000. Lindeman refused to pay Hulsey any compensation for locating Rock N Ready, claiming that any contract for a commis-

sion was not valid under Oregon law. Hulsey brought this action in United States District Court. The magistrate judge, who tried the case with agreement of the parties, granted summary judgment in favor of Lindeman, holding that under Oregon law, Hulsey was not entitled to any commission because he engaged in professional real estate activities without a proper license. *See* Or.Rev.Stat. § 696.020(1).

Hulsey appeals, alleging that an exception to Oregon Revised Statute § 696.020(1) allows his recovery. We review the magistrate judge's summary judgment *de novo,* viewing the evidence in the light most favorable to the non-moving party. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000).

Oregon Revised Statute § 696.020(1) prohibits individuals from engaging in professional real estate activities without a license. It is undisputed that Hulsey does not have a real estate license. We concur with the magistrate judge's holding that Hulsey's activities regarding the Venable property qualify as professional real estate activities. This holding places Hulsey squarely within Oregon Revised Statute § 696.020(1).

Hulsey alleges, however, that Oregon Revised Statute § 696.030(1)(a) provides an exception to the general rule in Oregon Revised Statute § 696.020(1). This exception allows an individual to avoid the license requirement if he is "[a] nonlicensed regular full-time employee of a single owner of real estate whose activities involve

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Michael D. Lindeman is the named defendant in this matter. Lindeman owns 95% of Yuba Trucking and was CEO of the Northern Division of Yuba Trucking at all pertinent times to this action. Lindeman was also president of Yuba North, Inc., and he controlled the corporation. Lindeman and Yuba Trucking contributed all of the funds to capitalize Yuba North. The parties are in agreement, for the purposes of this appeal, that Hulsey was Lindeman's employee.

the real estate of the employer and are incidental to the employee's normal, nonreal estate activities...." To qualify for this exception, Hulsey must show that he was a regular full-time employee of a single owner of real estate and that his activities involved the real estate of his employer.

The magistrate judge held that Hulsey's activities did not involve the real estate of his employer. Hulsey found a fee buyer for the Venable property. At the time Hulsey located Rock N Ready, Lindeman's claim to the Venable property was a lease with an obligation to purchase upon completion of the lease term. Lindeman's leasehold with the obligation to purchase is real estate. Or.Rev.Stat. § 696.010(14) (defining "real estate" as including "every interest or estate in real property, whether corporeal or incorporeal"). Hulsey's sale of the land in fee simple "involves" Lindeman's future interest because ownership in fee simple includes future interests. It is undisputed for the purposes of summary judgment that Lindeman was Hulsey's employer. Therefore, Hulsey's activities involved his employer's real estate and he falls within the statutory exception.

REVERSED and REMANDED.

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.